970

■    In the Matter of LOREN W. LILLIS, Respondent, against CARMINE G. DESAPIO et al., as Members of the New York State Cemetery Board, et al., Appellants.— Appeal from an order of Special Term, Albany County, pursuant to article 78 of the Civil Practice Act, revoking an order of the New York State Cemetery Board which directed postponement of the annual membership meeting of Memory Gardens, Inc., a cemetery corporation. The facts are not in dispute. Memory Gardens, Inc., is a membership corporation organized under the laws of the State of New York and engaged in the operation of a cemetery in the town of Colonie, Albany County, New York. The petitioner, a lot owner, is a member of the corporation. A notice was duly published of the annual meeting of the corporation to be held February 10, 1958 at a specified time and place. A director was to be elected and a proxy fight ensued between different factions of the corporation in the course of which pamphlets were published charging mismanagement, one of which came to the attention of the appellant. As a result, on February 4, 1958, the director of appellant sent a letter to the corporation which stated that " the said annual meeting be adjourned from February 10th for at least thirty days pending the further direction of this division." The petitioner thereafter obtained this order to show cause. The question involved is one of law. Does the appellant have the authority to issue a directive to a cemetery corporation to adjourn its annual meeting pending further direction from the appellant? In 1949, the Legislature after· an extensive investigation by the Attorney-General's office and on recommendation of the Governor, made drastic changes to the Membership Corporations Law as affecting cemeteries (§§ 71-a–108-a). It created the appellant herein and gave it extensive authority with the further delegation to make rules, regulations and orders (§ 108). It amended section 74 (corporate meetings) in stating who was eligible to vote but it gave no statutory authority, expressed or by implication, to supervise or control lawfully scheduled annual meetings and elections. There is no statutory authority for such action. Order appealed from affirmed, with $10 costs to the respondent and the matter referred to the Special Term for further proceedings. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■    In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant, against PAUL B. BUDOFF, Doing Business as SULLIVAN COUNTY WOOD PRODUCTS COMPANY, Respondent.— Appeal by petitioner from an order of the Supreme Court at Special Term, entered in Sullivan County, which granted respondent's cross motion to remand the proceeding to the appellant board to take evidence upon the issue of the involvement of respondent in interstate commerce. On February 8, 1958, we denied a motion to dismiss the appeal (5 A D 2d 854). The board's decision and order sustained charges of unfair labor practices on the part of the employer, in violation of subdivisions 4 and 5 of section 704 of the Labor Iaw. Subsequently, the Supreme Court decided Guss v. Utah Labor Board (353 U. S. 1) and respondent's application to the Special Term was predicated on the decision in that case (and those in the two cases decided at the same time and referred to in the opinion) and upon the contentions that respondent's labor relations matters affect interstate commerce and that the National Labor Relations Board had not ceded jurisdiction. The Special Term's discretion was properly exercised under subdivision 2 of section 707 of the Labor Law, for the reasons stated in our opinion in Matter of Saratoga Harness Racing Assn. v. New York State Labor Relations Bd. (6 A D 2d 329). Order affirmed, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.